IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sheilah D. Vance,     :
     Petitioner   :
          :
  v.        :
          :
          :
Cheyney University of Pennsylvania, : No. 210 M.D. 2017
     Respondent  : Argued: June 10, 2021


BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON    FILED: July 8, 2021


    Respondent Cheyney University of Pennsylvania (Respondent) seeks summary relief in the form of a motion for summary judgment requesting that this Court dismiss Sheilah D. Vance's (Petitioner) petition for review. For the reasons set forth below, we deny Respondent's application for summary relief.

    Petitioner initiated this suit by filing a petition for review in this Court on May 19, 2017 (Petition for Review),[1] asserting a claim under Pennsylvania's

---

[1] Petitioner originally filed this action as a complaint in August of 2016 in the Chester County Court of Common Pleas. On May 2, 2017, the Chester County Court of Common Pleas sustained Respondent's preliminary objections, holding, with relevance to the instant matter, that the Commonwealth Court maintains original and exclusive jurisdiction over the whistleblower claim that formed Count IV of her complaint. Petitioner thereafter filed the instant Petition for Review raising only the whistleblower claim in this Court, styling it, as she had in the Chester County Court of Common Pleas, as a complaint. We note that this Court previously addressed

Whistleblower Law, Act of December 12, 1986, P.L. 1559, *as amended*, 43 P.S. §§ 1421-1428 (Whistleblower Law).  On July 21, 2017, Respondent filed "Defendant's Answer to Plaintiff's Complaint", which denied Petitioner's claims.  On September 14, 2020, the parties informed the Court that discovery was complete.  Respondent filed Respondent's Application for Summary Relief (Application) and brief in support thereof on January 5, 2021.  Petitioner filed Petitioner's Answer to Respondent's Application for Summary Relief and supporting brief on February 26, 2021.  The Court conducted oral argument on the Application on June 10, 2021, and the Application is now ripe for disposition.

Pennsylvania Rule of Appellate Procedure 1532(b) provides that, "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear."  Pa.R.A.P. 1532(b); *Summit Sch., Inc. v. Dep't of Educ.*, 108 A.3d 192, 195 (Pa. Cmwlth. 2015).  In deciding a request for summary relief, "this [C]ourt must determine whether it is clear from the undisputed facts that either party has a clear right to the relief requested."  *Bell Atl.-Pa., Inc. v. Tpk. Comm'n*, 703 A.2d 589, 590 (Pa. Cmwlth. 1997), *aff'd*, 713 A.2d 96 (Pa. 1998).  "The record, for purposes of the motion for summary relief, is the same as a record for purposes of a motion for summary judgment."  *Summit Sch.*, 108 A.3d at 195-96.  Pursuant to Pennsylvania Rule of Civil Procedure No. 1035.1, the record in a motion for summary judgment includes any: "(1) pleadings, (2) depositions, answers to interrogatories, admissions and affidavits, and (3) reports signed by an expert

---

and disposed of Vance's appeal of the Chester County Court of Common Pleas' order granting preliminary objections as to the remaining five counts of her complaint under a separate docket number. *See Vance v. Cheyney Univ. of Pa.* (Pa. Cmwlth., No. 1751 C.D. 2017, filed Dec. 7, 2018) (affirming the order granting motion for judgment on the pleadings with respect to Counts I, II, III, V, and VI of Petitioner's complaint in the Chester County Court of Common Pleas).

witness that would, if filed, comply with [Pa.R.C.P. No. 4003.5(a)(1)], whether or not the reports have been produced in response to interrogatories." Pa.R.C.P. No. 1035.1. However, "[i]t is well established that testimonial affidavits or deposition testimony alone, even if not contradicted, [are] insufficient to establish the absence of a genuine issue of material fact because the credibility of the testimony is a matter for the factfinder." *Dep't of Transp. v. UTP Corp.*, 847 A.2d 801, 806 (Pa. Cmwlth. 2004); *see also Borough of Nanty-Glo v. Am. Sur. Co. of N.Y.*, 163 A. 523 (Pa. 1932); Pa.R.C.P. No. 1035.5, Note. "In ruling on applications for summary relief, [this Court] must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law." *Eleven Pa., LLC v. State Bd. of Cosmetology*, 169 A.3d 141, 145 (Pa. Cmwlth. 2017) (internal brackets omitted).

Here, Petitioner is a former employee of Respondent, where she served in the position of Chief of Staff from July 2012 until the elimination of that position in May 2016. Petitioner's claim arises under Section 3 of the Whistleblower Law, which provides:

> **Persons not to be discharged.--**No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste by a public body or an instance of waste by any other employer as defined in this act.

3

43 P.S. § 1423(a). Petitioner maintains that Respondent violated the Whistleblower Law by terminating her in retaliation for Petitioner making a good faith report regarding the misuse of restricted scholarship funds for non-scholarship purposes. Petitioner claims that she learned of malfeasance regarding the restricted scholarship money from an official of the Pennsylvania State System of Higher Education (PASSHE)[2] in August or September of 2015, and that she exposed Respondent's misuse of those funds at a meeting with key Respondent personnel on November 21, 2015. Petitioner claims that her reporting of the misused restricted scholarship funds prompted an investigation that uncovered a total of $3,765,501 in misused restricted funds, including scholarship funds, research grants, and restricted capital funds. As a result, Petitioner claims Respondent was required to request an additional $3.7 million from the PASSHE to replenish the misused restricted funds. Petitioner claims her actions in reporting the misused scholarship funds led Respondent to engage in a course of conduct that resulted in her termination.

Respondent, on the other hand, contends that it did not violate the Whistleblower Law. Respondent claims that the elimination of Petitioner's position occurred not due to her report of fiscal malfeasance, but instead as a result of severe financial distress caused by years of financial mismanagement and declining enrollment at Cheyney University. Respondent notes that Petitioner's position was one of multiple high-earning positions eliminated in May 2016 in an effort to stabilize the University's desperate financial situation by immediately saving over $1.4 million annually. Respondent claims that Petitioner cannot establish a *prima*

___

[2] Cheyney is a PASSHE member university. Section 2002-A of the Public School Code of 1949, Act of Mar. 10, 1949, P.L. 30, *as amended*, added by the Act of Nov. 12, 1982, P.L. 660, 24 P.S. § 20-2002-A. The PASSHE assists member universities by, among other things, providing assistance in balancing the various institutions' budgets.

4

*facie* case of retaliation as required by the Whistleblower Law because: Petitioner reported alleged waste/wrongdoing by Respondent that was already well known at the time Petitioner herself learned of the issue; Petitioner learned of the alleged malfeasance from a PASSHE official, who in turn had learned of the alleged malfeasance from two of Respondent's accountants; and the PASSHE official had already informed other PASSHE executives. Respondent argues that Petitioner's alleged good faith report was merely a confirmation of information that the PASSHE leadership already knew, the disclosure of which was a good thing for Respondent, in that it allowed Respondent to determine the scope of the problem and formulate a plan to minimize the damage done. Further, Respondent argues that, even if the elimination of Petitioner's position could be viewed as retaliatory, the record establishes that the elimination of the Chief of Staff position was the result of other legitimate, nondiscriminatory reasons related to Respondent's dire financial reality at the time. Respondent argues that, prior to Petitioner's alleged whistleblowing, its administration had already directed that $2 million in operating costs needed to be shed by July 1, 2016, through the elimination of 20 full-time employees. Respondent argues that Petitioner's position was one of nine high-earning positions eliminated in furtherance of that goal, which reductions would have immediately saved Respondent $1.4 million in operating costs. Finally, Respondent alleges the record is devoid of evidence that Respondent's reasons for the elimination of Petitioner's position were pretextual. Respondent argues instead that the nine positions were selected for elimination based on research of the personnel requirements of similarly-sized schools. In its application for summary relief, Respondent advances these assertions and contends that they are supported by undisputed material facts.

5

To prevail on a Whistleblower Law claim, a petitioner must prove that, prior to the alleged retaliation, he or she reported or was about to report in good faith an instance of wrongdoing. Section 4(a) of the Whistleblower Law, 43 P.S. § 1424(a). A petitioner must do more than merely demonstrate that he or she was terminated sometime after making a report. *See Golaschevsky v. Dep't of Env't. Prot.*, 720 A.2d 757, 759 (Pa. 1998). Instead, "[t]he causal connection that the Whistleblower Law requires must be demonstrated by concrete facts or surrounding circumstances that the report of wrongdoing or waste led to the [petitioner's] dismissal, such as that there was specific direction or information received not to file the report or that there would be adverse consequences because the report was filed." *Evans v. Thomas Jefferson Univ.*, 81 A.3d 1062, 1070 (Pa. Cmwlth. 2013) (quoting *Golaschevsky*, 720 A.2d at 759) (internal quotations omitted). "The Whistleblower Law is not designed to provide insurance against discharge or discipline for an employee who informs on every peccadillo of his fellow employees." *Id.* at 1070 (internal quotations omitted). If a petitioner proves a causal connection between the report of wrongdoing and her eventual termination, then the burden shifts to the respondents to show that their actions were lawful. *O'Rourke v. Dep't of Corr.*, 778 A.2d 1194, 1200 (Pa. 2001); *see also* 43 P.S. § 1424(c). "[A]n employer should not incur liability for independently justified adverse personnel action simply because animus may exist based upon prior reports of wrongdoing." *O'Rourke*, 778 A.2d at 1204.

Respondent alleges that no material facts are in dispute in the instant matter. Based on depositions of Petitioner and others, Respondent contends that it could not have retaliated against Petitioner because the information she claims to have disclosed had already been discovered, through discussions with Respondent accountants, by Georgia Prell, a high-ranking PASSHE official who further had

6

already reported the issue to other PASSHE executives. Respondent notes that Petitioner's good faith report appears to consist simply of Petitioner's confirmation at a meeting of Respondent personnel that she had indeed told Respondent's interim president of the misuse of restricted scholarship funds that she had learned of from Ms. Prell (who had already altered PASSHE's leadership). Respondent argues that Petitioner's disclosure of this information would not have occasioned her termination, or even Respondent's dissatisfaction, as the information was beneficial to Respondent's interest in that Respondent could respond and attempt to ameliorate the situation. Additionally, Respondent argues that the elimination of Petitioner's position alone is insufficient to establish a *prima facie* case of retaliation. Respondent insists no evidence exists that Petitioner was subjected to poor evaluations or other negative job consequences following her alleged disclosure, and that only vague and inconclusive circumstantial evidence and self-serving speculation exist to create a causal connection between her disclosure and the elimination of her position six months later. Instead, Respondent argues the uncontested evidence of Respondent's dire financial situation provides a legitimate, nondiscriminatory explanation for the elimination of Petitioner's position, as well as that of the 8 other high earning employees whose positions were eliminated at the same time, in furtherance of the directive to cut $2 million in Respondent's operating costs. Additionally, Respondent argues that no evidence exists that suggests Petitioner's separation was pretextual – eight other employees' positions were also eliminated in consideration of research conducted on appropriate personnel at similarly-sized institutions.

Petitioner counters that the same testimony and the above "facts" evidence instead that Respondent eliminated her position in retaliation for her

disclosure of and continued emphasis on the malfeasance surrounding the improper use of Respondent's restricted scholarship funds for other uses. Regarding the *prima facie* case for retaliation, Petitioner claims that issues of material fact remain for determination regarding whether Ms. Prell ever told PASSHE executives about the alleged malfeasance and about whether Ms. Prell had previously informed Respondent's interim president of the missing restricted scholarship funds. Petitioner also argues that Respondent's claim that PASSHE executives knew of the missing scholarship funds is belied by the lack of evidence that anything was done to attempt to rectify the situation prior to her disclosure of the same. Petitioner also argues that her testimony that the missing scholarship funds were not occasioned by blatant misspending, but instead by record-keeping and reconciliation techniques, demands a factual determination as to whether the malfeasance was actually well known prior to her disclosure, as alleged by Respondent. Additionally, Petitioner argues that the fact that her disclosure of the alleged malfeasance would open certain PASSHE and Respondent officials up to scorn and possibly criminal prosecution provides a motive for her termination that remains an undetermined question of fact. Finally, Petitioner argues that the facts and timing surrounding her termination raise a question of fact regarding whether her job was eliminated pretextually.

This case does not present a situation where there are no outstanding issues of material fact and the Court can simply apply the law. Instead, despite Respondent's insistence to the contrary, necessary findings of fact remain to be made by a fact-finder regarding, *inter alia*, the conduct and timing surrounding Petitioner's reporting of missing restricted scholarship funds, Petitioner's treatment by Respondent thereafter, and the circumstances, factors, and decision-making process surrounding the elimination of Petitioner's position with Respondent, as well as the

8

parties' competing interpretations thereof. We note that Respondent and PASSHE's prior knowledge of the fiscal malfeasance noted by Petitioner does not preclude a finding of retaliation resulting from Petitioner having noted and continued on the matter, especially considering that potential criminal liability existed regarding this information. As such, factual disputes requiring credibility determinations and a need for formal findings of fact remain that prevent the Court from granting the application for summary relief at this time. *See Sabater v. Pa. Ins. Dep't* (Pa. Cmwlth., No. 637 M.D. 2014, filed Jan. 3, 2019),[3] slip op. at 7 (denying application for summary relief regarding whistleblower claim where necessary findings of fact remained to be made by a fact-finder).

Accordingly, we deny Respondent's application for summary relief in the form of a motion for summary judgment.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[3] Pursuant to Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sheilah D. Vance,          :
             Petitioner       :
                                 :
       v.                      :
                                 :
                                 :
Cheyney University of Pennsylvania,    :     No. 210 M.D. 2017
             Respondent     :

O R D E R

AND NOW, this 8th day of July, 2021, Respondent Cheyney University of Pennsylvania's Application for Summary Relief is DENIED.

_____
CHRISTINE FIZZANO CANNON, Judge